NEWMEYER & DILLION LLP
J. BRIAN MORROW, CBN 191392
brian.morrow@ndlf.com
BRANDON A. CLOUSE, CBN 293102
brandon.clouse@ndlf.com
1277 Treat Blvd, Suite 600
Walnut Creek, California 94597
(925) 988-3200; (925) 988-3290 (Fax)

Attorneys for Defendants
WALSH/DEMARIA JOINT VENTURE V, WALSH
CONSTRUCTION COMPANY, THE WALSH GROUP
LTD., and DEMARIA BUILDING COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the Use and Benefit of J.R. CONKEY & ASSOCIATES, INC., a California corporation; and J.R. CONKEY & ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WALSH/DEMARIA JOINT VENTURE V, an Illinois joint venture; WALSH CONSTRUCTION COMPANY, AN Illinois corporation; THE WALSH GROUP LTD., an Illinois corporation; DEMARIA BUILDING COMPANY, INC., a Michigan corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; and DOES 1 through 10<br><br>Defendants. | CASE NO.: 5:14-cv-03360-PSG<br><br>**STIPULATION TO RELATE CASES AND CONTINUE CMC AND [PROPOSED] ORDER**<br><br>FILE DATE: July 24, 2014<br>TRIAL DATE SET: No Date Set |

**STIPULATION TO RELATE CASES**

Defendants, Walsh/DeMaria Joint Venture V ("Walsh/DeMaria"), Walsh Construction Company ("Walsh Construction"), The Walsh Group Ltd. ("Walsh Group"), DeMaria Building Company, Inc. ("DeMaria Building") (collectively "Walsh"), Travelers Casualty and Surety

Company of America ("Travelers") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively the "Sureties"), Plaintiffs, The United States of America, for the use and benefit of J.R. Conkey & Associates, Inc. and J.R. Conkey & Associates, Inc. ("Conkey") and Plaintiff, The United States of America, for the use and benefit of Fought & Company, Inc. Fought & Company, Inc. ("Fought") (all collectively referred to as the "Conkey and Fought Parties"), by and through their respective counsel of record herein, hereby stipulate and agree as follows:

**RELATED ACTIONS**

1.  The Conkey Action.

WHEREAS, Plaintiff, J.R. Conkey, commenced an action entitled *J.R. Conkey v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-cv-03360-PSG ("Conkey Action") by filing a complaint on or about July 24, 2014, in the United States District Court for the Northern District of California, including a cause of action for recovery on Miller Act Payment Bond, pursuant to 40 U.S.C. §§ 3131-3134, relating to monies allegedly owed for work performed at a Veterans Administration ("VA") hospital in Palo Alto. Defendants, Walsh, filed a counter-claim against Conkey on or about December 8, 2014 in the Conkey Action, *inter alia*, for failing to defend and indemnify Walsh and its Sureties against the Fought Action and for breaching the Subcontract Agreement;

2.  The Fought I Action.

WHEREAS, Plaintiff, Fought, commenced an action entitled *Fought v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-cv-04401-HRL ("Fought I Action") by filing a complaint on or about September 30, 2014, in the United States District Court for the Northern District of California, including a Miller Act Payment Bond claim for relief, pursuant to 40 U.S.C. §§ 3131 et seq., relating to monies allegedly owed for work performed at a Veterans Administration hospital in Palo Alto. Defendants, Walsh, filed a cross-claim in the Fought Action against Conkey on or about December 9, 2014 asserting the same claims alleged in its counter-claim against Conkey in the Conkey Action; and

///

///

3.     The Fought II Action.

WHEREAS, Plaintiff, Fought, commenced an action entitled *Fought v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-CV-05600-HRL ("Fought II Action") by filing a complaint on or about December 23, 2014, in the United States District Court for the Northern District of California, including a Miller Act Payment Bond claim for relief, pursuant to 40 U.S.C. §§ 3131 et seq., relating to monies allegedly owed for work performed at a Veterans Administration hospital in Palo Alto.

## RELATIONSHIP OF THE ACTIONS

WHEREAS, Defendant Walsh/DeMaria entered into a contract (the "Prime Contract") with the United States of America, Department of Veteran Affairs, for the construction of the VA Palo Alto Health Care System Capital Asset Improvements, Phase I, Contract No. VA101CFM-C-0168 ("the Project"), also known as the VA Hospital, Palo Alto Polytrauma Blind Rehab Center, 3801 Miranda Avenue, Palo Alto, CA;

WHEREAS, on or about October 7, 2011, Walsh/DeMaria entered into and executed a Payment Bond with Travelers, Travelers Bond No. 105669430, and its co-surety, Liberty Mutual, Liberty Mutual Bond No. 013124426, with Walsh as principal and Travelers and Liberty Mutual as Surety;

WHEREAS, on or about January 23, 2012, Walsh/DeMaria entered into a subcontract with Fought for certain labor and materials to be provided by Fought on the Project. This subcontract between Walsh/DeMaria and Fought concerns the Fought II Action;

WHEREAS, on or about February 3, 2012, Walsh/DeMaria entered into a written subcontract with Conkey for certain labor and materials to be provided by Conkey on the Project; and

WHEREAS, on or about October 17, 2012, Conkey entered into a sub-subcontract with Fought for certain labor, materials, and equipment on the Project. This sub-subcontract between Conkey and Fought concerns the Fought I Action.

/ / /

/ / /

## STATUS OF ACTIONS

WHEREAS, a continuance of the December 9, 2014 CMC in the Conkey Action was granted prior to the Conkey Action being deemed related to the Fought I Action;

WHEREAS, the Conkey Action and Fought I Action, including counter-claims and cross-claims, were deemed related on December 24, 2014 by stipulation and order (See Dkt. 56.);

WHEREAS, after the Conkey Action and Fought I Action were related, the Court on its own motion moved the originally scheduled Fought I CMC to January 20, 2015 (from the initially scheduled date of February 17, 2015);

WHEREAS, a mediator has been appointed in the Conkey Action, with a mediation scheduled to take place on or before February 17, 2015;

WHEREAS, mediation has not yet been ordered for the Fought I Action, but Fought is willing to attend the mediation in the Conkey Action by February 17, 2015, which is sooner that would otherwise be required pursuant to court rules;

WHEREAS, the Conkey and Fought Parties agree that Fought's attendance at the mediation in the Conkey Action will be productive and may result in a potential settlement of some, or all, of the issues in the Conkey Action, Fought I Action and/or Fought II Action; and

WHEREAS, the Conkey and Fought Parties agree that continuing the upcoming dates for the Conkey Action regarding the January 13, 2015 deadline for the parties' Rule 26(f) Report, initial disclosures and joint CMC statement, and the January 20, 2015 initial CMC will allow:

(1) Fought to prepare for and attend mediation with all parties by February 17, 2015, which is an expedited basis for Fought;

(2) the Conkey and Fought Parties to focus on mediation to attempt to resolve some, or all, of the outstanding issues between them; and

(3) the three cases — the Conkey Action, Fought I Action, and Fought II Action — to proceed together if they do not settle at mediation, which will be more efficient and economical for the Court and the parties.

///
///

**CRITERIA FOR RELATED ACTIONS PER L.R. 3-12(a)**

WHEREAS, Civil Local Rule 3-12 provides that actions are related when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges;

WHEREAS, the actions concern substantially the same parties because Walsh, Travelers, Liberty Mutual and Fought are parties to the Fought I Action and the Fought II Action;

WHEREAS, the actions concern substantially the same transaction or event because the Fought I and Fought II Actions arise from work on the same Project in Palo Alto for the VA, concerning contracts between Walsh and the VA, and claims are being made under the same bonds issued by the same Sureties;

WHEREAS, there will be an unduly burdensome duplication of labor and expense and conflicting results if the cases are conducted before different judges because the payment issues are substantially the same in both cases and because they concern substantially the same parties, similar facts and the same law, as the claims in both actions are pursuant to the Miller Act;

WHEREAS, all Parties in the Conkey Action and Fought I Action agree that the Fought II Action should be related to the already related Conkey and Fought I Actions;

WHEREAS, the Conkey and Fought I Actions are the lowest numbered cases, such that if all the cases are related, the Fought II Action should be reassigned to Magistrate Judge Paul S. Grewal, who is assigned to the Conkey and Fought I Actions, pursuant to L.R. 3-12 (f)(3); and

WHEREAS, the Conkey and Fought Parties herein stipulate and seek an order relating the Fought II Action with the Conkey Action and Fought I Action, and continuing the January 20, 2015 CMC until after the mediation in the Conkey Action has taken place so that Fought may participate in the mediation.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE COUNSEL SIGNATORIES BELOW, ON BEHALF OF THEIR

///

RESPECTIVE CLIENTS, AND THE PARTIES RESPECTFULLY REQUEST THAT THE COURT ORDER THE FOLLOWING:

(1) That the related Conkey Action and Fought I Action, including counter-claims and cross-claims, should be related to the Fought II Action pursuant to L.R. 3-12 because the actions concern substantially the same parties, property, transaction or event and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges;

(2) That the Clerk reassign the Fought II Action to Magistrate Judge Paul S. Grewal pursuant to L.R. 3-12 (f)(3);

(3) That Fought is ordered to attend the court ordered mediation in the Conkey Action for the Fought I and Fought II Actions, which is to take place before February 17, 2015; and

(4) That the January 20, 2015 CMC and related deadlines, including the Joint Case Management Statement, Rule 26(f) Report and Initial Disclosures for the Conkey and Fought I Actions, are continued to the initial CMC and related deadlines that will be set for the Fought II Action.

**IT IS SO STIPULATED.**

Dated: January 8, 2015

MARKS, FINCH, THORNTON & BAIRD, LLP

David S. Demian
Jeffrey B. Baird
Christopher R. Sillari
Attorneys for Plaintiffs
THE UNITED STATES OF AMERICA, for the Use and Benefit of J.R. CONKEY & ASSOCIATES, INC., a California corporation; and J.R. CONKEY & ASSOCIATES, INC., a California corporation

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: January 8, 2015 | **HANSON BRIDGETT LLP** |
| 2 | | */s/ John Klotsche* |
| 3 | | Robert W. O'Connor |
| | | John W. Klotsche |
| 4 | | Attorneys for Plaintiffs |
| | | THE UNITED STATES OF AMERICA, for |
| 5 | | the Use and Benefit of FOUGHT & |
| | | COMPANY, INC., an Oregon corporation; |
| 6 | | and FOUGHT & COMPANY, INC., an |
| | | Oregon corporation, |
| 7 | | |
| | Dated: January __, 2015 | **NEWMEYER & DILLION, LLP** |
| 8 | | |
| 9 | | _____ |
| 10 | | J. Brian Morrow |
| | | Attorneys for Defendants |
| 11 | | WALSH/DEMARIA JOINT VENTURE V, |
| | | WALSH CONSTRUCTION COMPANY, |
| 12 | | THE WALSH GROUP LTD., and |
| | | DEMARIA BUILDING COMPANY, INC. |
| 13 | Dated: January __, 2015 | **CORFIELD FELD LLP** |
| 14 | | |
| 15 | | _____ |
| | | Michael A. Corfield |
| 16 | | Natalie M. Kellogg |
| | | Attorneys for Travelers Casualty and Surety |
| 17 | | Company of America and Liberty Mutual |
| | | Insurance Company |

| | | |
|---|---|---|
| 1 | Dated: January __, 2015 | **HANSON BRIDGETT LLP** |
| 2 | | |
| 3 | | _____<br>Robert W. O'Connor<br>John W. Klotsche |
| 4 | | Attorneys for Plaintiffs<br>THE UNITED STATES OF AMERICA, for |
| 5 | | the Use and Benefit of FOUGHT &<br>COMPANY, INC., an Oregon corporation; |
| 6 | | and FOUGHT & COMPANY, INC., an<br>Oregon corporation. |
| 7 | | |
| 8 | Dated: January 8, 2015 | **NEWMEYER & DILLION, LLP** |
| 9 | | */s/ J. Brian Morrow* |
| 10 | | J. Brian Morrow<br>Attorneys for Defendants |
| 11 | | WALSH/DEMARIA JOINT VENTURE V,<br>WALSH CONSTRUCTION COMPANY, |
| 12 | | THE WALSH GROUP LTD., and<br>DEMARIA BUILDING COMPANY, INC. |
| 13 | Dated: January 8, 2015 | **CORFIELD FELD LLP** |
| 14 | | |
| 15 | | */s/ Michael A. Corfield*<br>Michael A. Corfield |
| 16 | | Natalie M. Kellogg<br>Attorneys for Travelers Casualty and Surety |
| 17 | | Company of America and Liberty Mutual<br>Insurance Company |

# [~~PROPOSED~~] ORDER

The foregoing Stipulation to Relate Cases, by Defendants, Walsh/DeMaria Joint Venture V, Walsh Construction Company, The Walsh Group Ltd., DeMaria Building Company, Inc., Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company, Plaintiffs, The United States of America, for the use and benefit of J.R. Conkey & Associates, Inc. and J.R. Conkey & Associates, Inc. and Plaintiff, The United States of America, for the use and benefit of Fought & Company, Inc. Fought & Company, Inc., has been submitted to the Court for consideration.

THE COURT, HAVING REVIEWED AND CONSIDERED THE FOREGOING STIPULATION, AND GOOD CAUSE APPEARING THEREFOR, HEREBY ORDERS:

(1) That the already related cases *J.R. Conkey v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-cv-03360-PSG ("Conkey Action") and *Fought v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-cv-04401-PSG ("Fought I Action"), including related counter-claims and cross-claims, are deemed related to *Fought v. Walsh DeMaria Joint Venture V. et al.* (N.D. Cal.) Case No. 5:14-CV-05600-HRL ("Fought II Action"), pursuant to L.R. 3-12 because the actions concern substantially the same parties, property, transaction or event and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges;

(2) That the Clerk reassign the Fought II Action to Magistrate Judge Paul S. Grewal pursuant to L.R. 3-12 (f)(3).

(3) That Fought is ordered to attend the court ordered mediation in the Conkey Action for the Fought I and Fought II Actions, which is to take place before February 17, 2015; and

(4) That the January 20, 2015 CMC and related deadlines, including the Joint Case Management Statement, Rule 26(f) Report and Initial Disclosures for the Conkey and Fought I Actions, are continued to the initial CMC and related deadlines that will be set for the Fought II Action.

///

///

NEWMEYER & DILLION LLP

1 | **IT IS SO ORDERED.**

2

Dated: 1/8/2015

3

4

_(signature)_
Magistrate Judge Paul S. Grewal

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEWMEYER & DILLION LLP

## PROOF OF SERVICE

*J.R. Conkey & Associates, Inc. v. Walsh/deMaria Joint Venture V, et al.*
U.S.D.C., Northern District of California, San Jose Division
Case No. 5:14-cv-03360

STATE OF CALIFORNIA         )
                            ) ss.
COUNTY OF CONTRA COSTA      )

I, Maggie Bedig, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1277 Treat Blvd, Suite 600, Walnut Creek, California 94597. On January 8, 2015, I served a copy of the within document(s):

**STIPULATION TO RELATE CASES AND CONTINUE CMC AND [PROPOSED] ORDER**

[X] by electronic service, via United States District Court, Northern District of California's CM/ECF Document Filing System. This service complies with Local Rule 5-1.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

[ ] by placing the document(s) listed above in a sealed Norco Overnite envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Norco Overnite agent for delivery.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*See attached service list.*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 8, 2015, at Walnut Creek, California.

_____
Maggie Bedig

4865544.1

Case 5:14-cv-05600-PSG   Document 12   Filed 01/08/15   Page 12 of 12

*J.R. Conkey & Associates, Inc. v. Walsh/de Maria Joint Venture 2, et al.*
U.S.D.C., Northern District of California, San Jose Division Case No. 5:14-cv-03360

## Service List

| | |
|---|---|
| David S. Demian, Esq.<br>Jeffrey B. Baird, Esq.<br>Christopher R. Sillari, Esq.<br>Marks, Finch, Thornton & Baird, LLP<br>4747 Executive Drive, Suite 700<br>San Diego, CA 92121 | Tel: 858.737.3100<br>Fax: 858.737.3101<br>**[PLAINTIFF, THE UNITED STATES OF AMERICA, for the use and benefit of J.R. CONKEY & ASSOCIATES, INC.]** |
| Michael A. Corfield, Esq.<br>Natalie M. Kellogg, Esq.<br>Corfield Feld LLP<br>30320 Rancho Viejo Road, Suite 101<br>San Juan Capistrano, CA 92675 | Tel: 949.218.7812<br>Fax: 949.218.7815<br>**[DEFENDANT, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA]** |